HANEY–WHITE COMPANY, RESPONDENT, v. JOHN STAF-
FORD ET AL., APPELLANTS.

Submitted March 21, 1921—Decided June 20, 1921.

On appeal from the Supreme Court, in which the following
*per curiam* was filed:

"This was an action on a mechanics' lien. The plaintiff
contracted with the defendant, Stafford, who was the owner
of a building in the course of construction at Atlantic City
and known as the Vermont Apartments, for the doing of
certain tile work in that building, and supplying the material
and labor therefor. The contract was made on the 25th of
July, 1917, and was duly filed. Subsequently, on the 25th
day of August, 1918, the Brighton Realty Company, which
had in the meantime become the owner of the property,
executed to one Strauss a mortgage for $100,000 upon the
Vermont Apartments, the instrument being given, according
to the statement of counsel for the defendants, to further se-
cure the mortgagee on a $152,000 mortgage which he held on
property of the Brighton Realty Company, and known as the
St. James Hotel in Atlantic City. Strauss was made a party
defendant in the mechanics' lien suit, as was the Marine
Trust Company, which also held a mortgage on the property,
executed in April, 1918.

"The trial resulted in a verdict in favor of the plaintiff
for the full amount of its claim, and an adjudication of its
priority over the mortgages of Strauss and the Marine Trust
Company.

"The first ground of reversal alleged before us is that the
plaintiff is not entitled to priority as against the Strauss
mortgage, for the reason that plaintiff was estopped from
asserting such priority. The ground of the alleged estoppel
is that the manager of the plaintiff's tile department signed
receipts aggregating $2,000, showing payments in cash made
to his principal, on account of his contract, whereas, in fact,

no cash had been paid, but instead two promissory notes were given by Stafford, each of which still remains unpaid, and both of which were included in the lien claim. It is said that these receipts were signed for the purpose of fraudulently inducing Strauss to advance the moneys upon his $100,000 mortgage, and that they had this effect. Assuming that the act of plaintiff's manager is attributable to it, it clearly does not operate to render the lien claim invalid as against Stafford, the owner; for, if the action was fraudulent, Stafford was a party to it and reaped the benefit of it. He knew, in fact, that the money was not paid, and that he was under a legal obligation to pay it. He cannot take advantage of his own wrong for the purpose of defeating a legal obligation. The situation as to Strauss is different. But he can only claim the benefit of the fraud, so far as it injuriously affected him. Looked at in its most favorable aspect, so far as he is concerned, he was induced to advance to the owners of the building $2,000 more than he otherwise would have done. To this extent, therefore, he would have been entitled to claim priority over the plaintiff's lien. He did not, however, so limit his claim, but contended before the trial court that his whole mortgage of $100,000 was entitled to priority. The trial court ruled against him upon this point, and we consider the ruling was proper.

"It is only fair to say upon this matter, in justice to the plaintiff, that the alleged fraud was not shown to have been perpetrated under its authority, or that it subsequently approved it.

"The next contention is that the court ought to have directed a verdict for the defendants on the ground that the contract sued upon was not performed by the plaintiff. Our examination of the proofs shows that this contention is without merit.

"Next it is argued that the court erred in refusing to charge the jury that it might find that the notes were accepted by the plaintiff as cash, in the sense that it waived its right to lien for that amount. There was nothing in the evidence to show any intention of the plaintiff to waive

his right of lien against Stafford for the amount of the notes, and the jury were not entitled to base any finding as to any phase of the case except upon due proof. In addition, it may be said that the request was not submitted until the jury had retired for the purpose of considering its verdict, and had returned into court for further instructions as to a matter which they specifically stated. In this situation the trial court was under no obligation to enlarge its original instruction, except to the extent called for by the question propounded by the jury. Whether or not he should go further in response to the request of counsel was a matter addressed to the discretion of the trial judge, and his refusal to comply with the request affords no ground for a reversal of the judgment.

"We are further urged to reverse this judgment upon the ground that the court erred in permitting the jury to find when the last material was furnished. The matter came up in this way: In order to show that the suit had been begun within the statutory period, the plaintiff proved that within that time it spent some days in cleaning the tile which had been laid, and offered evidence to show that they were required to do this under that part of their contract which called for the furnishing and setting in position of the tile; that is, that the cleaning of the tile is a part of its setting in position, within the well-understood meaning of those words as recognized by the trade. This presented a question of fact which the court properly left to the jury.

"Next, it is said that the court erred in permitting the jury to find that the plaintiff was entitled to recover $21 for setting forty-two soap cups, the assertion being that there was no evidence to support such an allowance. The fact is to the contrary.

"Lastly, it is said that it was error on the part of the trial court to permit an amendment of the lien claim. We think the amendment was properly allowed under the rule laid down in *Vreeland Building Co.* v. *Knickerbocker, &c., Co.*, 75 N. J. L. 551.

"The judgment under review will be affirmed."

For the appellants, *Clarence L. Cole* and *Robert R. Howard.*

For the respondent, *Carr & Carroll.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, SWAYZE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, HEPPENHEIMER, WILLIAMS, JJ.    9.

*For reversal*—WHITE, GARDNER, JJ.    2.